1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KEVIN EARL HOLMES,

          Plaintiff,

    v.

SHERIFF ROBERT DOYLE,
et al.,

          Defendants.

_____/

No. C 15-3200 RS (PR)

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT**

**INTRODUCTION**

      Plaintiff, a state prisoner proceeding pro se, filed this federal civil rights action under 42 U.S.C. § 1983 in which he claims two Marin County sheriff's deputies violated his Eighth Amendment rights when they denied him the use of a wheelchair during a court visit on May 27, 2015.  Defendants move for summary judgment (Docket No. 16), and have provided plaintiff with the required warnings under *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (Docket No. 16-1).  Plaintiff has not filed an opposition.  For the reasons stated herein, defendants' motion is GRANTED as to all claims against all defendants.

**BACKGROUND**

In 2015, plaintiff was housed at various times at the Marin County Jail. (Defs.' Mot. for Summ. J. at 2.) While there, plaintiff complained of hip pain and told his jailors he had had a bilateral hip replacement. (*Id.*) His jailors noted this, and made various accommodations (a low bunk assignment, non-clearance for work duty, pain medication and an extra mattress) in response. (*Id.*) On April 24, 2015, plaintiff, for the first time, made a "sick call request" for the use of a wheelchair during a court visit. (*Id.*) His request was granted for <u>that</u> <u>day</u> <u>only</u> by jail medical staff, who alone decide whether an inmate has a need for a "mobility assistive device," such as a wheelchair. (*Id.*) Sheriff's deputies, such as defendants Ryan Cloney and Jamaine Randle, do not decide such matters and have no control over them. (*Id.* at 3.)

On May 27, 2015, plaintiff had to attend court, but he did not make a formal sick call request for a wheelchair. (*Id.* at 2.) Defendants Cloney and Randle, who were transporting inmates to court appearances that day, remember plaintiff asking them for a wheelchair. (*Id.* at 3.) They checked his records but found no notes indicating plaintiff had been approved for a "mobility assistive device." (*Id.*) At no time did defendants notice that plaintiff was experiencing pain or had difficulty walking. (*Id.*) In fact, "both deputies observed [p]laintiff walk to court without any issue." (*Id.*) If they had noticed plaintiff having pain or difficulty, they would have "referred [p]laintiff to the jail medical staff." (*Id.*)

On June 11, 2015, plaintiff made a formal sick call request for the use of a wheelchair during a court visit. (*Id.* at 2.) His request was approved and on that same day his medical file was "updated to reflect that he was permitted to have a wheelchair for court," and the deputies were informed of this change. (*Id.* at 3.)

**DISCUSSION**

**I.    Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is

United States District Court
For the Northern District of California

1   entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those

2   which may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

3   248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a

4   reasonable jury to return a verdict for the nonmoving party.  *Id.*

5        The party moving for summary judgment bears the initial burden of identifying those

6   portions of the pleadings, discovery and affidavits which demonstrate the absence of a

7   genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where

8   the moving party will have the burden of proof on an issue at trial, it must affirmatively

9   demonstrate that no reasonable trier of fact could find other than for the moving party.  In

10  contrast, on an issue for which the opposing party will have the burden of proof at trial, the

11  moving party need only point out "that there is an absence of evidence to support the

12  nonmoving party's case." *Id.* at 325.

13       Once the moving party meets its initial burden, the nonmoving party must go beyond

14  the pleadings and, by its own affidavits or discovery, set forth specific facts showing that

15  there is a genuine issue for trial.  The court is only concerned with disputes over material

16  facts.  "[F]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*,

17  477 U.S. at 248.  It is not the task of the court to scour the record in search of a genuine issue

18  of triable fact.  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).  The nonmoving party

19  has the burden of identifying, with reasonable particularity, the evidence that precludes

20  summary judgment.  *Id.*  If the nonmoving party fails to make this showing, "the the moving

21  party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 322.

22  **II.    Claims**

23       Plaintiff alleges that on May 27, 2015 Marin County sheriff's deputies Ryan Cloney

24  and Jamaine Randle denied him the use of a wheelchair during a court visit.  Plaintiff alleges

25  he was forced to walk sixty feet as a result, which caused him great pain.

26       The motion for summary judgment is unopposed.  A district court may not grant a

27  motion for summary judgment solely because the opposing party has failed to file an

28

United States District Court
For the Northern District of California

opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494–95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The Court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), *rev'd on other grounds sub nom. Degen v. United States*, 517 U.S. 820 (1996); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (same).

The papers in support of the motion for summary judgment are evidence that the defendants did not violate plaintiff's Eighth Amendment rights. Plaintiff made no formal sick call request for a wheelchair, and defendants had no authority to approve such a request. Furthermore, defendants did not observe plaintiff to be in pain or have difficulty walking. On these undisputed facts, defendants were not deliberately indifferent to plaintiff's medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In sum, the movants' papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. Accordingly, defendants' motion for summary judgment is GRANTED.

## CONCLUSION

Defendants' motion for summary judgment (Docket No. 16) is GRANTED. The Clerk shall enter judgment in favor of Ryan Cloney and Jamaine Randle as to all claims, terminate Docket No. 16, and close the file.

**IT IS SO ORDERED**.

DATED: April 22, 2016

_____
RICHARD SEEBORG
United States District Judge